REQUESTED BY: Dear Senator:
You have asked whether the present statutes authorize a sanitary and improvement district to sell land owned by it and presently used as a park, or whether authorizing legislation would be required. While we have found no Nebraska cases specifically answering your question, it appears doubtful that such land could be sold under present statutes.
It is, of course, axiomatic that such a district may exercise only such powers as are given it by the Legislature. It could be argued that section 31-732, R.R.S. 1943, gives such district broad powers. It provides:
 "Such district shall be a body corporate and politic by name of Sanitary and Improvement District Number ___ of ___ County and shall have the power and authority to take and hold real and personal property necessary for its use, to make contracts, to sue and be sued, to have and use a corporate seal, and to exercise any and all other powers, as a corporation, necessary to carry out the purposes of sections 31-727 to 31-762."
However, it is not clear that the sale of land devoted by the district to use as a park is `necessary to carry out the purposes of sections 31-727 to 31-762,' so we cannot be sure that the court would construe this as authorization to sell this real estate.
In 56 Am.Jur. 603, Municipal Corporations, § 550, we find this discussion:
 ". . . A municipal corporation having absolute title to property without limitation or restriction as to its alienation may dispose of such property at any time before it is dedicated to public use.
 "On the other hand, it is generally held that a municipal corporation has no implied power to sell property which is held for a public use, and that such power cannot be implied from general charter or statutory authority to acquire, hold, or convey property. The principle is that all such property is held by the municipality in trust for the use and benefit of its citizens and is dedicated to the use of the public, and the corporation cannot divest itself of title without specific authority from the legislature. It is only when the public use has been abandoned, or the property has become unsuitable or inadequate for the purpose to which it was dedicated, that a power of disposition is recognized in the corporation. Thus, a municipal corporation has no power to sell or convey land dedicated as a park, square, or common. . . ."
Under broad definitions, a sanitary and improvement district may be classified as a municipal corporation. There is therefore considerable doubt that there is any implied power in such a district to sell land acquired for and used as a park. We have found in the statutes no specific authority to do so, and we are of the opinion that if such land is to be sold, specific authority would be required.